478 F.Supp. 357 (1979)
John C. CALHOUN, Plaintiff and Counterdefendant,
v.
FALSTAFF BREWING CORPORATION, Paul Kalmanovitz, Falstaff Brewing Corporation Revised Salaried Employee Retirement Plan, Contractual Benefit Plan, Falstaff Brewing Corporation Corporate Severance Policy No. III-50, Boatmen's National Bank of St. Louis and Falstaff Brewing Corporation, Defendants and Counterclaimant.
No. 76-24C(2).
United States District Court, E. D. Missouri, E. D.
October 1, 1979.
*358 Carroll J. Donohue, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiff.
Frederick M. Switzer, Fordyce & Mayne, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on the motions of defendants Falstaff Brewing Corporation ("Falstaff") and Paul Kalmanovitz ("Kalmanovitz") for partial summary judgment, which may be more properly considered motions to dismiss or motions to strike. Plaintiff brought this suit alleging violations by the defendants of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1144, as well as alleging several common law counts. Defendant Falstaff, in response, asserted *359 counterclaims seeking declaratory and monetary relief with respect to the benefit plans in issue, as well as alleging breach of fiduciary duty by plaintiff while in the employ of defendant.
The first motion of defendants Falstaff and Kalmanovitz for partial summary judgment relates to Count IV of plaintiff's complaint. In that count, plaintiff seeks actual and punitive damages for defendants' alleged violations of ERISA with respect to the Falstaff Brewing Corporation Corporate Severance Policy Number III-50 ("Severance Plan"). Punitive damages are not recoverable under ERISA and therefore defendants' motion for partial summary judgment with respect to plaintiff's prayer for such damages will be granted. Hurn v. Retirement Fund Trust of Plumbing, etc., 424 F.Supp. 80 (C.D.Cal.1976). This same result is dictated as to defendants' motion for summary judgment with respect to the prayer for punitive damages in Count VII of plaintiff's complaint.
These defendants next move for summary judgment on Count V of plaintiff's complaint. This count asserts a cause of action for breach of contract against defendants due to their revision with the Severance Plan so as to make plaintiff ineligible. Counts III and IV of plaintiff's complaint allege that the same transactions constituted a violation of ERISA. Section 1144 of Title 29 U.S.C. provides that ERISA preempts all state laws, including court decisions, with respect to employee welfare benefit plans covered by the Act.
It is clear that the Severance Plan in question qualifies as an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1). This subsection defines "employee welfare benefit plan" as:
any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).
Section 186(c), in turn, includes
money or other thing of value paid by an employer to a trust fund established by such representative for the purpose of pooled vacation, holiday, severance, or similar benefits, . . . (emphasis added)
Since this Severance Plan is within the coverage of ERISA, plaintiff's count alleging breach of contract will be dismissed. Such dismissal moots defendants' other motions for summary judgment with respect to this count, and those motions will therefore be denied.
Falstaff and Kalmanovitz next move for summary judgment on Counts VI and VIII of plaintiff's complaint. In these counts, plaintiff seeks declaratory and injunctive relief on its claims that defendants violated Section 510 of ERISA, 29 U.S.C. § 1140. Plaintiff alleges that defendants discharged him after more than nine years of satisfactory service, for no reason other than to prevent him from attaining vested rights under the Falstaff Brewing Corporation Revised Salaried Employees Retirement Plan ("Pension Plan").
29 U.S.C. § 1140, Section 510 of ERISA, provides that:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plan Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Disclosure Act. . . . (emphasis added)
Plaintiff's allegations clearly state a cause of action under this section. Indeed, practices of the sort presently alleged may have *360 been one of the prime targets of ERISA. See, for example, 2 Pension Plan Guide, (CCH) ¶ 9101, where it is stated that:
One target of the Pension Reform Act was the practice, however widespread, of terminating employees to prevent them from qualifying for pensions. The Pension Reform Act, of course, does not guarantee employment, but it does make it unlawful to discharge, fine, suspend, expel, discipline or discriminate against any participant for the purpose of interfering with the attainment of any right to which he may become entitled under his pension plan, the Pension Reform Act, or the generally superseded Welfare and Pension Plan Disclosure Act . . ..
Whether or not plaintiff's rights were vested within the meaning of ERISA at the time of his discharge is irrelevant to this cause of action. 29 U.S.C. § 1140, which made defendants' alleged actions illegal, was in effect at the time of those actions. Reiherzer v. Shannon, 581 F.2d 1266 (7th Cir. 1978). Therefore, defendants' motions for summary judgment as to Counts VI and VIII will be denied. This conclusion is supported by the recent order in the related case of Baer v. Falstaff Brewing Corporation, et al., No. 76-913C(1) (E.D.Mo. Aug. 30, 1979), in which a similar motion for summary judgment was denied.
In Count VII of plaintiff's complaint, plaintiff seeks monetary relief for defendants' alleged violation of 29 U.S.C. § 1140, as alleged in Counts VI and VIII. Defendants move for summary judgment on this count on the ground that plaintiff is able to obtain all necessary relief under other counts. Plaintiff is entitled to plead alternative causes of action and, therefore, defendants' motion will be denied. Rule 8(a), Federal Rules of Civil Procedure.
Defendant Kalmanovitz next moves for summary judgment on Count IX of plaintiff's complaint. In this count, plaintiff seeks to hold Kalmanovitz liable due to his alleged tortious interference with the contracts between plaintiff and Falstaff. Kalmanovitz moves for summary judgment, claiming that a corporate agent may not be held liable for tortious interference of the corporation's contract.
In Nola v. Merollis Chevrolet Kansas City, Inc., 537 S.W.2d 627, 634 (Mo.App. 1976), the court stated:
. . . one interested as a stockholder or officer in a corporation is privileged to so induce the corporation [to breach a contract], provided that no improper means are used, the defendant acts in good faith to protect the corporation and does not act for his own personal benefit.
Plaintiff, in Count IX, alleges that, in interfering with the contractual relationship of plaintiff and Falstaff, Kalmanovitz was acting in bad faith and for his own personal benefit. Plaintiff further alleges that Kalmanovitz was acting without justifiable cause and in furtherance of no corporate purpose. Plaintiff's allegations clearly state a cause of action under the theory espoused in Nola. Kalmanovitz's motion for summary judgment, which is actually a motion to dismiss, will therefore be denied.
Defendants next move for summary judgment on Counts III and IV of plaintiff's complaint, which seek declaratory, injunctive, and monetary relief with respect to the Severance Plan. Defendants contend that, as the Severance Plan was not an employee pension plan subject to the vesting provisions of ERISA, they were free to terminate the plan at any time and for any reason they wished. Defendants are undoubtedly correct that the Severance Plan is not an employee pension plan within the meaning of 29 U.S.C. § 1002(2), see 29 C.F.R. 2510.3-2(b), and that the vesting provisions of ERISA do not apply. 29 U.S.C. § 1051(1). This Court can not conclude, though, that defendants' conclusion concerning their right to terminate the plan necessarily follows.
Plaintiff alleges that the revision of the plan was made by defendants expressly to deny plaintiff his anticipated severance benefit. Plaintiff claims that defendants violated their fiduciary responsibilities under 29 U.S.C. § 1104(a)(1) by amending the plan so as to make employees otherwise eligible now ineligible, at a time when they *361 were contemplating a large layoff of otherwise eligible employees.
The fiduciary duties applicable to the Severance Plan are set out in 29 U.S.C. § 1104(a)(1). This section provides that:
. . . a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and
(A) for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries; and
(ii) defraying reasonable expenses of administering the plan;
An amendment of the plan as alleged by plaintiff clearly violates this fiduciary duty. The fiduciaries are to guard the interests of the participants and beneficiaries, not those of the employer.
Defendants' contention that they could terminate the plan at any time and take back the accumulated assets is also in direct conflict with 29 U.S.C. § 1103(c)(1). This section provides that:
Except as provided in paragraph (2) or (3) or subsection (d) of this section, or under sections 1342 and 1344 of this title (relating to termination of insured plans), the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.
ERISA is a statute designed to protect employees' interests in benefit plans. To argue that employer may terminate such plans at any time without violating the statute is clearly not supportable in the statutory language nor in equity. Defendants' motion for summary judgment as to Counts III and IV of plaintiff's complaint will, therefore, be denied.
Defendants' last two motions for summary judgment are directed to Counts I and II of plaintiff's complaint. These counts seek declaratory and injunctive relief with respect to the Employee's Death Benefit Plan, which plaintiff alleges that defendants do not intend to honor. Defendants move for summary judgment on the grounds that plaintiff's allegations show, as a matter of law, that plaintiff did not qualify for benefits under the plan. Defendants rely on a summary and description of the plan included as an exhibit to plaintiff's complaint. In this exhibit, it is stated that an employee does not qualify until he has worked five years from the date of adoption of the agreement. It is undisputed that plaintiff did not work such a period for Falstaff.
The actual agreement is also an exhibit to plaintiff's complaint, though. In this agreement it is stated that an employee qualifies after five years of employment, disregarding the date of adoption of the agreement. Plaintiff worked more than five years for Falstaff. The actual agreement obviously prevails over conflicting language contained in a summary and description. Defendants' motions as to these counts will therefore be denied.