AMERICAN ASSOCIATION OF
RETIRED PERSONS, et al.,
Plaintiffs,

v.

E.I. Du PONT de NEMOURS AND
COMPANY, INC., Defendant.

Civ. A. No. 86–6866.

United States District Court,
E.D. Pennsylvania.

Dec. 3, 1987.

Raymond C. Fay, Thomas R. Gibbon, Washington, D.C., Steven S. Zateznick, Kirk T. Karaszkiewicz, Philadelphia, Pa., for plaintiffs.

Kathryn H. Levering, James A. Matthews, III, Philadelphia, Pa., Jerry Brenner, E.I. duPont, Wilmington, Del., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiffs, American Association of Retired Persons ("AARP") and eleven former employees of E.I. Du Pont de Nemours and Co. ("DuPont"), challenge a retirement program offered by DuPont on the ground that it violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Defendant now moves to dismiss the complaint for procedural defects.

In 1985, DuPont instituted a one-time Early Retirement Opportunity program ("ERO") in an effort to reduce its work force. Under the ERO most DuPont employees who retired or terminated their employment between March 1, 1985, and April 30, 1985, received a five-year credit towards both their age and years of service for purposes of calculating pension benefits. The ERO, however, placed a cap on recomputed age and years of service at 70 and 40 years respectively. Plaintiff employees all had more than 35 years of experience and therefore would not have received the full five-year credit on years of service. Only two plaintiffs retired under the ERO.[1] Plaintiffs allege that the ERO, by placing caps on age and years of service, violated the ADEA.[2] After filing charges with the EEOC or the appropriate state agency, plaintiffs and AARP brought this suit. In addition, several other DuPont employees who were eligible for the ERO joined this action.[3]

---

**1.** The other nine plaintiffs retired after the effective dates of the ERO, but before this suit was brought. *See* Cross affidavit, Defendant's Motion to Dismiss, exhibit A (Document 10).

**2.** Plaintiffs allege that defendant intentionally discriminated on the basis of age and that the ERO had a disparate impact on older employees. Complaint ¶ 10. All employees affected by the caps fall within the Act's protected ages. 29 U.S.C. § 631(a).

**3.** Section 626 of Title 29 of the United States Code provides for enforcement of ADEA in accordance with section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). This section does not permit a representative to bring a class action. Rather, an employee may maintain an action on behalf of another em-

Defendant moves to dismiss all or part of the complaint for several reasons. First, it alleges that AARP lacks standing to sue. Second, defendant asserts that the nine plaintiffs who did not retire under the ERO lack standing. Defendant also asserts that all eleven plaintiffs, who were under the age of 65 at the time of the ERO, lack standing to challenge the age cap. Finally, defendant claims that no plaintiffs who have standing filed timely charges of discrimination.

Before considering defendant's arguments, it is important to emphasize the current posture of the case. Defendant's motion to dismiss is based on issues totally independent of the merits of plaintiffs' ADEA claim. While defendant has provided the court with the terms of the ERO, the program "does not provide, and has never been interpreted as providing, a discrete benefit, monetary or otherwise, which can exist (or, for that matter, even be calculated) apart from the pension benefit to which an individual employee is entitled under other provisions of the [DuPont Pension and Retirement Plan]." Defendant's Motion to Dismiss. Because the parties have not provided the court with Dupont's pension plan, any attempt to determine the alleged discriminatory effect of the ERO would be mere conjecture. Thus, this opinion should not be considered to express any view on the merits of plaintiffs' claims.

1. Standing of Individual Plaintiffs.

AARP does not argue that it has standing on its own behalf. Plaintiffs' Surreply to Defendant's Motion to Dismiss (Document 35). Rather, it asserts associational standing on behalf of its members. Since AARP's standing is in part dependent on the standing of its members,[4] *E.E.O.C. v. Nevada Resort Ass'n,* 792 F.2d 882 (9th Cir.1986), I will first examine the standing of the individual plaintiffs.

For purposes of Article III of the Constitution, a person has standing if he has a personal stake in the litigation which includes a showing that he has suffered a "distinct and palpable" injury "likely to be redressed by a favorable decision." *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Doherty v. Rutgers School of Law,* 651 F.2d 893 (3d Cir.1981). Defendant claims, by way of uncontested affidavit, that plaintiffs Becker, Byrd, Brehmer, Henderson, Keith, Lamberth, Lancaster, Morris, and Woodall did not retire or terminate their employment during the ERO window period. Thus, it argues that they are not entitled to redress even if the ERO violates the ADEA. This argument is without merit.

The ADEA includes broad remedial language which vests courts with the power "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter...." 29 U.S.C. § 626(b). Pursuant to this broad language, the Third Circuit has permitted recovery of not only back pay and reinstatement, but also recovery of front pay, *Maxfield v. Sinclair Int'l,* 766 F.2d 788 (3d Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986), as well as lost pension benefits. *Blum v. Witco Chemical Corp.,* 829 F.2d 367 (3d Cir.1987). In these cases, the Third Circuit reasoned that Congress granted courts broad power so that victims of age discrimination could "be made whole by restoring them to the position they would have been in had the discrimination never occurred." *Maxfield,* 766 F.2d at 796. If the ERO is found to violate the ADEA, the policy of making victims of age discrimination whole, coupled with the broad remedial powers of the ADEA, would entitle plaintiffs to compensation in the form of increased pension benefits.

Defendant asserts that plaintiffs can not recover any damages because the ERO was

---

ployee provided that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

4. As noted *infra,* eight plaintiffs are members of AARP.

a one-time program and plaintiffs did not enter the ERO during the window period. In support of its position, defendant relies on several cases where employees or past employees were not permitted to challenge a retirement program. *E.g., Walker v. Mountain States Tel. & Tel. Co.*, 645 F.Supp. 93, 95–96 (E.Colo.1986) (collecting cases). This reliance is misplaced. In these cases, the employees could not challenge the program because they had retired before its effective date or were otherwise ineligible. Since the employees were never eligible to participate in the program, they could not contest it. *Id.* Here, plaintiffs were eligible for the ERO but did not terminate their employment during the window period.[5] Since plaintiffs were eligible for the ERO they are entitled to challenge its alleged discriminatory aspect even though they did not choose to retire pursuant to its terms. *See also Henn v. National Geographic Society*, 819 F.2d 824, 829 (7th Cir.1987) ("The decision to reduce one's injury from the employer's violation of the ADEA would not prevent a suit to recover the remainder of the loss.")

Plaintiffs' position is implicitly supported by *Cipriano v. Board of Education*, 785 F.2d 51 (2d Cir.1986). There, defendant instituted a three-year bonus retirement program for employees between the ages of 55 and 60 who retired between July and February of any of the three years. Plaintiffs, all over the age of 60, retired on June 30, outside the program's window periods. *Id.* at 52. Nowhere in its opinion did the Second Circuit find that the failure to retire during the window period barred plaintiff from challenging the plan. Similarly, plaintiffs are not barred from contesting the ERO simply because they did not retire during the window period of the program.

Defendant also contends that plaintiffs, all of whom were under the age of 65 in 1985, can not challenge the age limitation aspect of the ERO or represent opt-in plaintiffs who were over 65. The ADEA only requires that the named plaintiffs be "similarly situated" with employees who opt-in to the case. 29 U.S.C. § 216(b). Thus, the claims of the named plaintiffs need not be identical to the claims of the opt-in plaintiffs.[6] *E.g., Burt v. Manville Sales Corp.*, 116 F.R.D. 276, 277 (D.Colo. 1987); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D.Tex.1979). As noted earlier, the terms of the ERO are dependent on DuPont's pension plan. Because the terms of the pension plan are not part of the record, I can not determine whether employees affected by the years of service cap, all of whom are in the age group protected by the ADEA, are "similarly situated" to employees affected by the age cap.

**2. Failure to File a Timely EEOC Charge.**

Section 626(d) requires that an individual must file a charge with the Equal Employment Opportunity Commission before he can file a civil action under the ADEA. This charge must be filed within 180 days of the alleged unlawful practice in a non-deferral state, or within 300 days after the alleged unlawful practice in a deferral state.[7] 29 U.S.C. § 626(d).

As the parties have submitted various affidavits and documents on the question whether plaintiffs filed a timely EEOC charge, I will treat the defendant's motion as one for summary judgment. The

---

**5.** Defendant also asserts that its position is supported by *Doherty v. Rutgers School of Law*, 651 F.2d 893 (3d Cir.1981). There, plaintiff challenged a minority admissions program. The court held plaintiff lacked standing. Plaintiff's low admission scores would have precluded his entry, whether or not there was a minority program. Plaintiff's ineligibility for admission meant he had no standing to challenge the minority program. Here, plaintiffs were eligible but chose not to enter the ERO allegedly because of its discriminatory impact. Thus, the *Doherty* case is equally inapposite.

**6.** The administrative charges filed by the named plaintiffs were brought on behalf of "similarly situated" persons and identified both the caps on the age and years as violative of the ADEA.

**7.** A deferral state is a state "which has a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice. . . ." 29 U.S.C. § 633(b). For a listing of deferral states, see 29 C.F.R. § 1626.9.

record, however, is incomplete and material questions of fact exist as to the date the ERO was actually announced to plaintiffs and the date plaintiffs charges were filed with the EEOC.[8] Moreover, having assumed that the plaintiffs who did not retire under the ERO lacked standing, defendant focused its argument on the two plaintiffs who retired under the ERO. Since I have concluded that all eleven plaintiffs have standing, defendant must address the timeliness of the administrative charges brought by all eleven plaintiffs.[9] *E.g., Kloos v. Carter Day Co.,* 799 F.2d 397 (8th Cir., 1986) (opt-in plaintiffs need not file administrative claims if named plaintiffs have filed class wide charges); *Lusardi v. Xerox Corp.,* 99 F.R.D. 89 (D.N.J.1983), *appeal dismissed,* 747 F.2d 174 (3d Cir. 1984). Defendant's motion will be denied on the basis of the present record.[10]

### 3. Standing of AARP

The parties have spent a considerable amount of time arguing about whether AARP has standing to bring this action. AARP now properly concedes that it does not have standing in its own right. It, therefore, relies on the doctrine of associational standing.

**8.** In its reply memorandum, defendant concedes that the record is incomplete concerning the date the ERO program was announced to plaintiffs. Reply Memorandum in Support of Motion to Dismiss (Document 33).

**9.** In addition, a timely claim must have been brought in both a deferral state and a non-deferral state to cover all "similarly situated" employees.

**10.** With respect to the timeliness of the administrative charges, the parties have also raised various legal issues. First, plaintiffs contend that a timely complaint filed with the appropriate state agency in a deferral state with which the EEOC has a work sharing agreement is deemed a filing with the EEOC. This position is supported by EEOC regulations, 29 C.F.R. § 1626.10(c), as well as case law. *McConnell v. General Telephone Co.,* 814 F.2d 1311 (9th Cir.1987). Defendant asserts that the claims filed with a state agency are insufficient to raise an ADEA claim; however, a charge is sufficient for purposes of the ADEA if it names the defendant and generally alleges discrimination on the basis of age. *Rabzak v. Berks County,* 815 F.2d 17 (3d Cir. 1987). In addition, the complaint filed with the Pennsylvania Human Relations Commission by

■ The Supreme Court has held that "[e]ven in the absence of injury to itself, an association may have standing solely as the representative of its members." *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975). An association's standing on behalf of its members depends on the type of relief sought. As the Court in *Warth* held, "if in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind." *Id.* at 515, 95 S.Ct. at 2213.

To satisfy Article III standing requirements, the Supreme Court has established the following three-part test:

[A]n association has standing to bring suit on behalf of its members when:

(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the

Joseph Becker requests that it be filed with the EEOC. Declaration of Kenneth Henley, Exhibit A. Thus, if a timely charge on behalf of all similarly situated persons alleging age discrimination was received by a state agency that would be a sufficient administrative claim.

The parties also contest the validity of the "Mailbox" regulation, 29 C.F.R. § 1626.7(c), which looks to the postmark date or the date of the letter before the agency receipt date in determining when a mailed charge is deemed "filed" with the EEOC. At this time, I will not rule on the validity of this regulation since, with respect to plaintiffs in deferral states, the record is so sparse as to when their charges were received by the EEOC that such a decision may be unnecessary. In particular, defendant relies on date stamps by the Memphis office of the EEOC on plaintiffs' charges; however, plaintiffs, by affidavit, assert that their charges were sent by express mail to the EEOC in Washington, D.C. three days before expiration of the limitations period. Given the likelihood that the charges were received by the EEOC within 180 days, I decline to make a ruling of first impression on the mailbox regulation.

relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington Apple Advertising Comm'n,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also Int'l Union United Automobile, Aerospace and Agricultural Implement Workers of America v. Brock,* 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986).

■ In ruling upon a motion to dismiss for lack of standing, the allegations in the complaint must be accepted as true. However, a plaintiff should supplement the complaint with affidavits that further support its claim of standing. *Warth,* 422 U.S. at 501, 95 S.Ct. at 2206.

■ In the complaint, AARP alleges that it brings the action on behalf of its members who include current or former employees of defendant. In response to defendant's motion, plaintiffs Becker, Byrd, Brehmer, Henderson, Lamberth, Lancaster, Martin, and Nappi filed declarations stating that they are members of AARP. No other plaintiffs, either named or those who have opted-in, are alleged to be members of AARP.

While defendant challenges the second element of the test, it can not be seriously contested that the interests AARP seeks to protect in this suit are germane to its purpose. AARP alleges that it is the largest organized group of working and retired older Americans. In representing its members, AARP seeks to enhance the quality of life of older persons, improve employment opportunities of older workers, and eliminate age discrimination in the work force. Declaration of Steven Zeleznick (Document 22). These purposes will obviously be furthered by a decision favorable to plaintiffs.

I conclude, however, that the first and third factors are not met. It is clear that AARP cannot seek money damages on behalf of its members. *Warth, supra.* Rather, it can only seek prospective injunctive or declaratory relief to which its members would be entitled. Because of the unique characteristics of the ERO and the circumstances of AARP's members, such relief is unavailable.

As alleged in the complaint, the ERO was a one-time program offered by DuPont. In order to be entitled to equitable relief, it must be shown that there is a real and immediate threat of repeated injury. It is mere speculation to conclude that defendant will repeat the ERO. *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Moreover, apart from the requirements for Article III standing, a plaintiff must show "irreparable injury" before he is entitled to equitable relief. Plaintiff members cannot show that, without injunctive relief, they will suffer irreparable harm.

■ In its memorandum, defendant states, based upon its personnel records, that all the plaintiffs, including all the members of AARP, have retired during or after the effective date of the ERO and before the complaint was filed. Thus, even if the ERO violated the ADEA, these plaintiffs would not be entitled to injunctive relief since the unlawful acts are not capable of repetition against them. An employee who has voluntarily retired has no right to challenge a subsequent retirement program. *Walker,* 645 F.Supp. at 95–96.

AARP also asserts a claim on behalf of its members for declaratory relief which necessitates a determination of "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *see also Grant v. Cohen,* 630 F.Supp. 513, 520–21 (E.D.Pa.1985). As stated in *Warth v. Seldin,* declaratory relief is in the nature of prospective relief. As I have already found, however, at the time the complaint was filed, no prospective relief was necessary or available to the AARP plaintiffs, all of whom had already retired. Rather, they can be fully compensated if the ERO violated the ADEA by money damages which is the type claim that can not be asserted by AARP on behalf of its members. There-

fore, I conclude that AARP does not have standing to bring this action because none of its members have standing to seek injunctive or declaratory relief. I emphasize that AARP is not a labor union representing all DuPont workers. Rather, it counts among its members a small, discrete number of "persons aggrieved" by the ERO. Because this small group cannot seek injunctive or declaratory relief, but may only be entitled to have their pension benefits adjusted in accordance with the ERO and Dupont's pension plan without caps on their ages or years of service, AARP can not maintain this action on behalf of its members.

### ORDER

AND NOW, this 3rd day of December, 1987, upon consideration of the motion of defendant to dismiss the complaint, it is hereby ordered as follows:

1. The claims of American Association of Retired Persons are dismissed without prejudice.

2. The motion of defendant to dismiss the claims of the individual plaintiffs is denied.

3. Within 15 days from the date of this order, counsel shall submit a proposed discovery schedule.