Joseph BECKER, et al., Plaintiffs,

v.

E.I. Du PONT de NEMOURS & COMPANY INC., Defendant.

Civ. A. No. 86–6866.

United States District Court, E.D. Pennsylvania.

July 11, 1988.

Raymond C. Fay, Thomas R. Gibbon, Washington, D.C., Steven S. Zateznick, Kirk T. Karaszkiewicz, Philadelphia, Pa., for plaintiffs.

Kathryn H. Levering, James A. Matthews, III, Philadelphia, Pa., Jerry Brenner, E.I. duPont, Wilmington, Del., for defendant.

## ORDER

DITTER, District Judge.

AND NOW, this 11th day of July, 1988, upon consideration of the motion filed by the American Association of Retired Persons ("AARP") for reconsideration of part of my memorandum and order dated December 3, 1987, 677 F.Supp. 351, the motion is hereby granted and AARP is reinstated as a plaintiff in this action. After careful consideration of the arguments raised by the parties and accepting the allegations in the complaint as true, I conclude that injunctive or declaratory relief may be available to AARP members because the alleged discriminatory practices may be continuing or likely to re-occur in the future, *see Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730, 733–35 (5th Cir.1977); *Drez v. E.R. Squibb & Sons, Inc.*, 674 F.Supp. 1432, 1438–39 (D.Kan.1987), or that such relief may be warranted by the scope of the alleged discriminatory actions, *Criswell v. Western Airlines, Inc.*, 709 F.2d 544, 558 (9th Cir.1983), *aff'd* 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985); *Dillon v. Coles*, 746 F.2d 998, 1004 (3d Cir. 1984) (disparate treatment action). Moreover, while there is a legitimate concern regarding the lack of identity vis-a-vis AARP's total membership, AARP members who are affected DuPont employees, and all DuPont employees affected by defendant's alleged discriminatory actions, *see, e.g., Telecommunications Research & Action Center v. Allnet Communication Services, Inc.*, 806 F.2d 1093 (D.C.Cir.1986), AARP's continued active participation in this action, whether or not it is a named plaintiff, leads me to conclude that this potentially important issue be left for another day.[1]

---

1. As AARP pointed out in its opposition to defendant's surreply (docket # 55) defendant failed to timely raise this issue after my December 3, 1988 decision or after AARP moved for reconsideration.