896 F.2d 1366
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth N. CROSSWHITE; Bobby J. Newman; T.F. O'Grady; Dan
Pellarin; Everett W. Rabon; Willard Teffeteller;
Whit Tharin; James W. Ward,
Plaintiffs-Appellants,
v.
E.I. DUPONT DE NEMOURS AND COMPANY, a Delaware corporation;
E.I. Dupont de Nemours & Company, Inc. Pension &
Retirement Plan (Plan No. 001),
Defendants-Appellees.
 No. 89-2915.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 7, 1989.
Decided: Feb. 12, 1990.
 
 James Lee Bell (Bell & Strait, on brief), for appellants.
 William S. Myers (Gardner G. Courson, Margaret H. Campbell, Ogletree, Deakins, Nash, Smoak and Stewart, on brief), for appellees.
 Before ERVIN, Chief Judge, and MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants are employees of a plant operated by E.I. DuPont de Nemours & Co., Inc. under a contract from the United States. DuPont did not offer the employees, whom the appellees purport to represent, the opportunity to participate in an Early Retirement Plan. The Plan was offered to DuPont employees at its commercial facilities while excluding those employees employed to work on United States government contracts. The suit alleged violations of the Age Discrimination in Employment Act and the Employee Retirement Income Security Act as well as violations of state law. The district court granted DuPont's motion for a summary judgment and appellants filed two motions for reconsideration which were denied. Appellants then appealed. By order of May 8, 1989, a panel of the Court limited the Court's jurisdiction to the denial of the second motion for reconsideration, appeals on the other orders being untimely.
 
 
 2
 We hold that the district court did not abuse its discretion in denying the appellants' amended motion for reconsideration by its December 15, 1988, order. There is no need to reach the merits of the original grant of the summary judgment, for the denial of the amended motion for reconsideration correctly disposes of the case. The district court's order is measured by whether it amounted to an abuse of discretion. Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 27 (1st Cir.1988).
 
 
 3
 The appellants' amended motion to reconsider raised nothing new for the district court to consider. Judge Falcon Hawkins, the district judge, stated that the appellants' motion to amend should "be more aptly entitled Plaintiffs' Motion for Reconsideration of Court's Order of November 23, 1988, Denying Plaintiffs' Motion for Reconsideration...." He further stated that "plaintiffs have failed to call to the court's attention any matter that would warrant modification of its October 14, 1988 [order granting summary judgment]." Apparently the arguments advanced only repeated those the district court had heard before. Consequently, it was not an abuse of discretion to deny it. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985), stating that "[t]he motion was properly denied here because ... it presented no arguments that had not already been raised in opposition to summary judgment."
 
 
 4
 There is, indeed, authority to suggest that, given no new information, the district court would have abused its discretion to grant the motion for reconsideration. In Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977), the district court, in dismissing a Fed.R.Civ.P. 59(e) motion stated:
 
 
 5
 Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
 
 
 6
 Since the plaintiff has brought up nothing new--except his displeasure--this Court has no proper basis upon which to alter or amend the order previously entered.
 
 
 7
 See also New York Guardian Mortgagee Corp. v. Cleland, 473 F.Supp. 409, 420 (S.D.N.Y.1979) (movant's motion "merely repeats its previous position and asserts we were wrong. This is not a proper basis for the grant of a motion for reargument.").
 
 
 8
 The district court thus properly denied the appellants' Amended Motion to Reconsider.
 
 
 9
 It must be pointed out that such a ruling, which perhaps, when viewed superficially, appears harsh, achieves the same result had this Court had jurisdiction to review the original grant of the summary judgment. None of appellants' claims can withstand the reasoning expressed in the lower court's ruling and are (summarily) set out below.
 
 
 10
 In January 1985 DuPont's Employee Relations Department, having determined that DuPont had several thousand extra employees, recommended to the executive committee that the company amend its pension and retirement plan to allow for an early retirement opportunity (ERO). The ERO encouraged early retirement by providing that five years would automatically be added to an employee's years of service as well as his or her age for the purpose of computing retirement benefits. The resulting enhancement provided for a maximum of 70 years of age and 40 years of service (the 70/40 limitation). The Employee Relations Department also proposed that the ERO not be offered to employees at certain of DuPont's facilities including the Savannah River Plant (SRP) which the company operated pursuant to government contracts. Theretofore, employees at SRP had enjoyed benefit plans comparable to those received by other employees. The Employee Relations Department recommended, however, that they not be offered the ERO in order to prevent the possible interference with government contracts that might result from the retirement of skilled employees at government contract plants. The executive committee adopted the ERO as proposed and notified employees of SRP that they would not be eligible to participate. The executive committee did not also notify employees at SRP of their right to protest the amendment to the plan.
 
 
 11
 The lower court ruled that, even if assuming arguendo the plaintiffs had made out a prima facie case of age discrimination, DuPont was able to rebut it by articulating a non-discriminatory reason, not pretextual, for the challenged conduct. The Third Circuit has recently ruled in Trenton v. Scott Paper Co., 832 F.2d 806, 811 (3d Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1576 (1988), that ADEA is not violated by an early retirement plan that precludes an employee's participation based solely upon the location in which he or she works. Appellants attempt to distinguish Trenton by noting that in Trenton the employer had made determinations of which plants were overstaffed and which were lean, something they allege DuPont did not specifically do here. Such a distinction, however, would not serve in a significant way to render inapplicable the holding in Trenton. The Third Circuit stated that "[e]mployees at overstaffed plants and employees at 'lean' plants are not similarly situated." Id. at 810. It is logical to conclude that employees at commercial plants and those at government contract facilities also are not similarly situated.
 
 
 12
 The lower court also ruled the exclusion of employees at the SRP to be justified by business necessity. Robinson v. Lorillard Corp., 444 F.2d 791, 798 (4th Cir.), cert. dismissed, 404 U.S. 1006 (1971). Appellants point to no real evidence justifying another conclusion.
 
 
 13
 The district court ruled that appellants, because they were ineligible to participate in the ERO, therefore lacked standing to challenge its provisions. Stanton v. Gulf Oil Corp., 792 F.2d 432 (4th Cir.1986) (plaintiff not a participant in the plan lacked standing to sue regarding denial of benefits to him under the plan). See, e.g., AARP v. DuPont, 677 F.Supp. 351, 353 (E.D.Pa.1987) (plaintiffs eligible for ERO but who elected not to participate had standing to challenge discriminatory provisions). Appellants argue that because they had previously received benefits comparable to those offered to employees at other DuPont locations they should have been eligible for the ERO. Appellants then argue that, because they "should have been" eligible to participate, they have standing to challenge the allegedly discriminatory denial. Such reasoning, equating, as it does, "eligible to participate" with "ineligible to participate though we wish we were," strains the meaning of words.
 
 
 14
 Addressing the claims of ERISA violations, the district court again relied upon Trenton v. Scott Paper Co., 832 F.2d 806, 809 (3d Cir.1987), in concluding that the establishment of an ERO was a business decision not subject to the fiduciary standards of ERISA. Appellants attempt to distinguish Trenton by alleging that since the executive committee of DuPont had the dual role of sponsor and administrator of the ERO all its actions pertaining to the plan are governed by the fiduciary standards of ERISA.
 
 
 15
 It is true that performing both roles in no way diminishes the fiduciary obligations of a plan's administrator. Sutton v. Weirton Steel Division of National Steel Corp., 724 F.2d 406, 410 (4th Cir.1983), cert. denied, 467 U.S. 1205 (1984). Dzinglski v. Weirton Steel Corp., 875 F.2d 1075, 1079 (4th Cir.1989). The question then becomes which role the employer is playing. A business decision made by the committee as directors is not subject to the fiduciary obligations of ERISA. Ogden v. Michigan Bell Telephone Co., 657 F.Supp. 328, 333 (E.D.Mich.1987), rev'd on other grounds sub nom. Berlin v. Michigan Bell Telephone Co., 858 F.2d 1154 (6th Cir.1988). The test articulated in Ogden is that if a neutral third party (such as a bank) could have made the challenged decision then the directors would be deemed to be operating in their fiduciary capacity. Id. at 335. The district court in the present case correctly determined that a neutral third party could not have made the complained of decision, reflecting as it does determinations directly and essentially business in nature of excess and essential employees at some plants and not others.
 
 
 16
 Finally, the district court held that the plaintiffs' state law claims should be dismissed as preempted by Sec. 1144(a) of ERISA. It cited the decision in Salomon v. Transamerica Occidental Life Ins. Co., 801 F.2d 659, 661 (4th Cir.1986) (phrase "relating to any employee benefit plan 'as used in 1144a' ... has been read expansively giving 'unparalleled breadth' to the preemption provision."). The more recent decision of the Supreme Court in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987), confirms the correctness of that holding. In Pilot Life the unanimous Court stated "we have emphasized that the preemption clause is not limited to state laws specifically designed to affect employee benefit plans." The Court went on to rule that the plaintiff's common law causes of action (as here, a breach of contract claim) "undoubtedly meet the criteria of preemption." Id. See also Maker v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 82 (4th Cir.1989) ("after Pilot Life ... any contention that the state claims here are not preempted by ERISA would be frivolous....").
 
 
 17
 In light of those authorities, the district court was clearly correct. The correctness of the order of the district court denying the amended motion for reconsideration is bolstered by the answers which would have to be given if the merits were reached. The decision is, accordingly,
 
 
 18
 AFFIRMED.