Hawkins STANTON, Appellant,

v.

GULF OIL CORPORATION and its Benefits Committee, Appellee.

No. 85–1637.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1985.

Decided June 4, 1986.

James M. Cooper, Fayetteville, N.C., for appellant.

Richard J. Remley and T. Alan Pittman, for appellee.

Before WINTER, Chief Judge, RUS-SELL, Circuit Judge, and LUTHER M. SWYGERT, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

SWYGERT, Senior Circuit Judge.

This case involves the question whether Hawkins Stanton was a "participant" in a Gulf Oil Corporation employee benefit plan, as defined under the Employee Retirement Income Security Act of 1974 (ERISA). Stanton argues that he was a participant and that Gulf Oil violated its fiduciary duty to him through misrepresentations and

breach of an implied promise. The district court held that Stanton was not a participant and thus could not bring an action under ERISA. Appealing the district court's dismissal on summary judgment, Stanton now requests this court to remand the case for further consideration. For the reasons set out below, we affirm the order of the district court.

## I

Stanton was an employee of Gulf Oil for more than thirty-four years. His last position was account executive. On September 13, 1982 he requested early retirement effective November 30, 1982 with severance pay of one year's salary ($40,968). On November 29, 1982 Stanton met with Ray Cone, a Gulf Oil Human Resources employee and personal friend, to discuss Stanton's retirement benefits. Stanton tape-recorded a portion of the conversation.

During the discussion, Stanton asked Cone whether it was true, as Stanton had heard, that Gulf Oil was planning to change its retirement program early in 1983. Stanton said he did not want to sign his retirement papers if a financially-better program would soon be available. He specifically asked Cone if Cone knew of such a program or had heard of any discussions. Cone told Stanton that he was not aware of revisions to Gulf Oil's present pension plan which were being contemplated in the future and, in fact, Cone said he was not sure that they would have a severance program at all the following year. The severance program under which Stanton was to retire expired on December 1, 1982.

Stanton stated on tape that if Gulf Oil were to offer a program in January or February 1983, Stanton would "definitely be expecting" his retirement status to reflect those benefits. He added that he was signing with the understanding that there would be nothing better offered in the near future. If that were not the case, Stanton went on, he would not be retiring late in 1982 and would wait until the first part of 1983. Again Cone answered that he was not aware of a new plan being developed

and reminded Stanton that he was voluntarily retiring. Following the discussion, Stanton signed his retirement papers.

Stanton retired effective November 30, 1982. Under the Gulf Oil pension plan he receives a monthly pension of $1,265.99 and an additional pre-Social Security allowance of $236.50. At the time of his retirement, Stanton also received a fixed sum of $7,428.34 under the plan and a severance payment of $40,968, the equivalent of one year's salary.

On November 30, Cone telephoned his supervisor in Houston to inquire whether there was information he did not possess with regard to new or future Gulf Oil pension plans. Planning for this type of benefit was "put together" by the Gulf Oil Human Resources Headquarters Office in Pittsburgh. Cone was informed that the Houston office was not aware of a change in Gulf Oil's retirement program.

However, on November 11, 1982 Gulf Oil's Board had, in fact, approved a new plan—the Special Voluntary Early Retirement Plan (SVERP). It was designed to provide special benefits to certain designated employees who retired during the period November 30, 1982 to December 31, 1983. Only upper level management employees in salary grades M–2 or above (which did not include Stanton) were eligible, and the plan was to apply only to those persons where there was a permanent work force reduction. The net value of the SVERP to the eligible employees was to allow them to retire with an undiscounted early retirement pension after 55 rather than sixty years of age.

The SVERP was officially instituted on November 30, 1982 and became effective March 1, 1983. By letter dated February 14, 1983 Chairman of the Board James Lee extended the SVERP to employees with lower salary grades authorizing Gulf Oil's president and corporate department heads to designate employees below salary grade M–2 (which would include Stanton) as eligible. The SVERP was to apply only in cases where there was a permanent work force reduction and where the company

had advised the employee by personal letter that he or she was eligible to participate in the new program. Cone received a telephone call on February 22, 1983 about the new changes in the program and, as he stated, this was the first knowledge he had concerning a modification in the retirement plan.

On May 16, 1984 Philip Lintner, secretary of Gulf Oil's Benefits Committee, received Stanton's appeal of the denial of his claim for an adjustment in his monthly pension payment. On May 29 the chairman of the Committee notified Stanton by letter that Stanton's claim would be denied.

Stanton filed an action in the United States District Court for the Eastern District of North Carolina, Fayetteville Division on July 3, 1984. He alleged that defendants, through Cone, made misrepresentations, concealed material facts, and breached an implied promise to allow him the benefit of any changes made in Gulf Oil's retirement plan.

On March 8, 1985 Gulf Oil moved for summary judgment alleging that, as a matter of law under ERISA, defendant owed Stanton no duty of disclosure or fiduciary duty with regard to the SVERP because he was not a "participant" in the plan. Alternatively, Gulf Oil argued that even if Stanton were a participant, ERISA imposed no duty to disclose the possible expansion of its retirement plan. Finally, even if Stanton were a participant in the SVERP and his claims were cognizable under ERISA, Gulf Oil argued that there was no factual basis for the claims of fraud, misrepresentation, or breach of implied contract.

On May 24, 1985 the district court granted Gulf Oil's motion for summary judgment. It held that Stanton was not a participant in the SVERP and thus he could not bring this action under ERISA alleging a violation of a fiduciary duty. Stanton appeals.

## II

This circuit held in *Horn v. Mullins*, 650 F.2d 35, 37 (4th Cir.1981), that judicial review of a decision by a committee concerning interpretation of the terms of an employee benefits plan is limited to review of whether the committee acted in bad faith or in an arbitrary and capricious manner. To determine whether the action taken in this case was arbitrary and capricious, we must first decide whether the decision of Gulf Oil's Benefits Committee—that Stanton was not a member of the SVERP at the time of his retirement and was not entitled to receive any of its benefits—was supported by substantial evidence.

■ The critical issue is whether Stanton was a "participant" under the SVERP. A civil action may be brought under ERISA only by a plan "participant," "beneficiary," "fiduciary," or the Secretary of Labor. 29 U.S.C. § 1132(a)(2). This is both a standing and a subject matter jurisdictional requirement. ERISA defines "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ... or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

Stanton contends that he is a "participant" in the SVERP because he "may [have] become eligible to receive a benefit" *but for* his leaving Gulf Oil's employ by electing early retirement. Alternatively, Stanton asserts that he raised his rights as a "participant" in the November 29 meeting with Cone, while he was still an employee, and that his cause of action arises from that date. Under Stanton's view, the SVERP was not modified or amended by the action of the senior executive in extending the SVERP to persons in Stanton's salary grade. Rather, Stanton argues that the action to extend the plan was an implementation of provisions of the plan as approved on November 11, 1982.

■ We disagree. The SVERP was not extended to employees below salary grade M–2 until March 2, 1983—after Stanton's retirement date. Additionally, Stanton never received a personal letter from Gulf Oil notifying him that he was eligible for par-

ticipation, as required by the terms of the SVERP.

The effect of reading in a "but for" test is to impose participant status on every single employee who *but for* some future contingency may become eligible. Neither caselaw nor other provision of ERISA supports such a reading of "participant." The Fifth Circuit has clearly decided against this interpretation of ERISA in *Jackson v. Sears, Roebuck & Co.*, 648 F.2d 225, 227 (5th Cir.1981), and *Nugent v. Jesuit High School of New Orleans*, 625 F.2d 1285, 1286 (5th Cir.1980). In both *Nugent* and *Jackson* the court narrowly interpreted the "may become eligible for a benefit" language in ERISA to refer to a current employee who was already covered by the present terms of a plan, but who has not yet acquired enough tenure for his benefits to vest (become non-forfeitable). *Id.* at 1287.

Other sections of ERISA are also inconsistent with Stanton's broad interpretation of participation. ERISA sets minimum participation standards providing that a benefit plan may require up to three years of service and the attaining of age 21 before an employee is qualified as a participant, 29 U.S.C. § 1052(a)(1)(A)–(B). A new employee does not automatically become a participant by remaining on his job while waiting to become a vested employee in the future.

Additionally, the protections of ERISA are tied to current participants only, such as the provision mandating disclosure after a plan is effective or a change in a plan is made. In *Sutton v. Weirton Steel Division of National Steel Corporation*, 724 F.2d 406, 410 (4th Cir.1983), *cert. denied*, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984), this circuit held that there is no obligation under ERISA to maintain contingent benefits.

It is not a violation of ERISA to fail to furnish information regarding amendments before these amendments are put into effect. *See Fenton Industries v. National Shopmen Pension Fund*, 674 F.2d 1300, 1306 (9th Cir.1982); *Fine v. Semet*, 699 F.2d 1091, 1094 (11th Cir.1983). This is so because the legislative intent of ERISA was not to assure the sanctity of early retirement expectations, but to safeguard accrued retirement benefits. *Bencivenga v. Western Pa. Teamsters*, 763 F.2d 574, 577 (3d Cir.1985).

Although ERISA does mandate fiduciary duties with respect to employee benefits plans, such duties are solely with respect to participants. The duties do not begin until the terms at issue are incorporated into a plan. *United Independent Flight Officers, Inc. v. United Airlines, Inc.*, 756 F.2d 1274, 1280 (7th Cir.1985).

Finally, Stanton's claim that Cone made misrepresentations to him is not supported by the evidence. Stanton admitted that his friend Cone did not have the authority to approve early retirement with severance pay; all he expected Cone to do was ask his supervisor about the possibility of changes which could be made in Gulf Oil's plan. Stanton further admitted that he knew he had no "deal" with Cone or Gulf Oil with respect to his retirement package. Cone made no contrary representations or assurances. In short, Stanton received the benefits he qualified for under Gulf Oil's employee benefit plan on the date of his retirement and he has no legal claim to other benefits.

There is no reason for a federal court to intervene in this case. The decision of Gulf Oil's Benefits Committee was supported by substantial evidence and was not made in an arbitrary or capricious manner. The district court correctly granted Gulf Oil's motion for summary judgment on the basis that Stanton was not a participant in the SVERP and could not, pursuant to 29 U.S.C. § 1132(a)(2), bring this action under ERISA.

Accordingly, we affirm the order of the district court.