**Dabney Allen BAIRD, Plaintiff,**

v.

**CSX CORPORATION and CSX Transportation, Inc., Defendants.**

**Civ. A. No. 88–0036–C.**

United States District Court, W.D. Virginia, Charlottesville Division.

Jan. 26, 1989.

F. Bosley Crowther, III, Palmyra, Va., for plaintiff.

D. Eugene Webb, Jr., Mays & Valentine, Richmond, Va., for defendants.

### MEMORANDUM OPINION

MICHAEL, District Judge.

This action is an attempt by plaintiff to obtain the benefits of a severance pay plan instituted after his voluntary retirement from employment by defendant CSX. The matter is presently before the court on defendants' motion for summary judgment. For the reasons explained below, the motion for summary judgment is denied and the case is remanded to Fluvanna County Circuit Court.

## A.

Plaintiff originally brought this action in state court to recover damages from defendants because, allegedly, he was unlawfully induced to retire early by the culpable silence of defendants or their agents. In weighing whether to retire in the Spring of 1985, plaintiff inquired whether defendants had any plans to reinstitute a previously discontinued severance pay plan. Plaintiff's Motion for Judgment at ¶ 2. After being told that it was not anticipated that any such plan would be instituted within the next three years, plaintiff retired on April 26, 1985. Plaintiff alleges that defendants knew, or should have known, at that time that a severance pay plan was to take effect on July 5, 1985, and, furthermore, that defendants were under a duty to tell plaintiff of the impending severance plan. *Id.* at ¶ 4. Plaintiff contends that a covenant of good faith, implied in every employment contract in Virginia, placed defendants under a putative duty to disclose. *Id.*

Defendants successfully petitioned to have the matter removed to this court, arguing that plaintiff is contending, in effect, that he is a would-be beneficiary under a plan governed by the federal ERISA scheme and, thus, ERISA preemption mandates this court's jurisdiction. Defendants' Petition for Removal at ¶ 2, 3. The issue is joined on defendants' motion for summary judgment alleging, among other points, that plaintiff's state law claims are all preempted by ERISA, Brief in Support of Defendants' Motion for Summary Judgment at 8–11, that plaintiff has not exhausted his administrative remedies under ERISA, *id.* at 11–15, and that plaintiff has no factual basis for a meritorious ERISA claim. *Id.* at 15–18. Defendants also argue that plaintiff's state claims fail to survive a motion for summary judgment. *Id.* at 18–21.

## B.

■ The threshold determination for this court must be a jurisdictional one, as it is for every other court of limited jurisdiction. Defendants have successfully removed the matter from state to federal court under color of 29 U.S.C. § 1132(a) and (e), which empower participants in or beneficiaries of ERISA plans to bring actions in a United States District Court. The initial question must be whether plaintiff is properly within the ambit of ERISA.

The scope of ERISA has been the subject of extensive litigation. It is well established that state claims to recover benefits under a plan governed by ERISA are preempted. *See, e.g., Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Powell v. Chesapeake & Potomac Tel. Co.,* 780 F.2d 419 (4th Cir. 1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986). There can be no dispute that plaintiff, if he were found to be a participant in or beneficiary under an ERISA plan, would have his state law claims preempted and properly be before this court. Nor does this matter involve the issue, prominent in so much ERISA litigation, of whether the plan in question qualifies as an employee-benefit plan under the rubric of ERISA preemption. *Fort Halifax Packing Co., Inc. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Plaintiff has not argued that the severance pay plan reinstituted by defendants fails to fit within the scope of ERISA.

Certainly, ERISA preempts if plaintiff is a participant in an ERISA plan and, equally surely, the reinstituted severance pay plan of defendants would be governed by ERISA. However, the logically prior question about which this court must satisfy itself is whether this particular action should be construed as an ERISA action. Plaintiff attempts to avoid ERISA preemption by noting that he "has never claimed to be a 'participant' or a 'beneficiary' [of an ERISA-governed plan]." Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment at 3. The dispositive inquiry is not whether plaintiff subjectively believed that he was advancing an ERISA claim or even whether he explicitly pled a claim under ERISA. For artful or oblique pleading will not keep a suit out of federal court if it can be properly construed as an ERISA action. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107

S.Ct. 1542, 95 L.Ed.2d 55 (1987). The inquiry here must be whether plaintiff was, under 29 U.S.C. § 1002(7), a participant in or a beneficiary under an ERISA-governed program.

The outcome of this inquiry is controlled by the decision of the Fourth Circuit Court of Appeals in *Stanton v. Gulf Oil Corp.*, 792 F.2d 432 (4th Cir.1986). In that case, the former employee stood in the polar opposite position from the instant plaintiff. The appellant in *Stanton* sought to be included under the ERISA regime, whereas instant plaintiff argues that ERISA should not control his claim. In *Stanton*, appellant "contend[ed] that he is a 'participant' in the [retirement plan] because he (may have) become eligible to receive a benefit' *but for* his leaving Gulf Oil's employ by electing early retirement." *Id.* at 434 (emphasis in original). As would be expected, the Fourth Circuit viewed with some measure of concern the slippery slope which such a "but for" test would create and the expansive universe of alleged ERISA participants who would seek to slide down that slope. As the Court of Appeals noted, "the effect of reading in a 'but for' test is to impose participant status on every single employee who *but for* some future contingency may become eligible. Neither case law nor other provision of ERISA supports such a reading of 'participant.'" *Id.* at 435 (emphasis in original).

Of course, the court in *Stanton* did go on to make observations about the duty of employers to disclose which are not wholly encouraging to instant plaintiff.[1] This court need not reach that step in the Fourth Circuit's analysis. For, if one finds that plaintiff is not a participant in an ERISA plan, the prop for federal jurisdiction is removed. The appellant in *Stanton* sought to have the Fourth Circuit recognize a duty to disclose, as does instant plaintiff, but in *Stanton* the appellant grounded the claim of a duty to disclose in the fiduciary duties mandated by ERISA, whereas instant plaintiff grounds the duty to disclose in Virginia contract law. Therefore, while a finding in *Stanton* that the former employee was not an ERISA participant proved fatal for all of his claims, in the instant matter a similar finding of nonparticipation is not necessarily fatal to all of plaintiff's claims. Although the effect of finding that the former employee fails to qualify as an ERISA participant does not mandate the same outcome in the instant case, *Stanton*'s analysis of who can count as an ERISA participant is applicable to the matter before this court and, indeed, controls the outcome of defendants' motion for summary judgment.

Instant plaintiff had not participated in an ERISA program instituted by defendants nor was he eligible for participation in such a program when he retired. While plaintiff might well have become an ERISA participant had he continued to remain in defendants' employment for a number of months, *Stanton*'s rejection of a "but for" test for the identification of ERISA participants compels this court to find that instant plaintiff was not a participant in an ERISA plan and, thus, that ERISA does not preempt his state claims. Defendants have carefully documented the potency of ERISA preemption,[2] but instant plaintiff's

---

1. The Fourth Circuit concluded,

   It is not a violation of ERISA to fail to furnish information regarding amendments before these amendments are put into effect. This is so because the legislative intent of ERISA was not to assure the sanctity of early retirement expectations, but to safeguard accrued retirement benefits.

   Although ERISA does mandate fiduciary duties with respect to employee benefits plans, such duties are solely with respect to participants. The duties do not begin until the terms at issue are incorporated into a plan.

   *Stanton v. Gulf Oil Corp.*, 792 F.2d 432, 435 (4th Cir.1986) (citations omitted).

2. The Supreme Court notes, in a recent case, that

   The Solicitor General, for the United States as *amicus curiae*, argues that Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress. We agree.

   *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987) (cita-

claim is not preempted because he is not an ERISA participant or beneficiary. Unlike the Chesire Cat, one cannot have the smile of preemption without the stripes of participation.

## C.

■ Having found that ERISA preemption does not encompass plaintiff's action, this court is left with what are pendent state law claims. As provided for in 28 U.S.C. § 1447(c), this court has the authority to remand the action back to state court.[3] The seminal case defining the power of federal courts to entertain pendent state law claims, *Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), distinguishes between the authority of a federal court to adjudicate state law claims and the circumstances under which it would be proper to use, or to decline to use, that authority. The question is one which lies in large measure within the federal court's discretion and the resolution of that question must be set within the context of both macro-judicial considerations, such as state-federal relations, and micro-judicial considerations, such as the equities endemic to the matter before the court.[4] The Supreme Court has modified what may appear to be some of the less flexible language of *Gibbs*, but the underlying presumption and posture remains the same.[5]

Recently, the Supreme Court has reexamined the authority of federal courts to remand pendent state claims and concluded,

> Because in some circumstances a remand of a removed case involving pendent claims will better accommodate these values [judicial economy, convenience, fairness to the litigants, and comity] than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate.

*Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). Among the factors which militate in favor of remand are the constraints upon refiling a state case presented by a statute of limitations and the avoidable increase in costs and delays involved in refil-

---

tions omitted). The language endorsed by the Court shows how the wide sweep of ERISA applies to plan participants and beneficiaries.

**3.** The statute mandates, in pertinent part, "If at any time before final judgment it appears that the case was removed inprovidently and without jurisdiction, the district court shall remand the case...." 28 U.S.C. § 1447(c).

**4.** The Supreme Court described the context within which a federal court must consider the exercise of pendent jurisdiction in this way:

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies is considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decision of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (citations and footnotes omitted).

**5.** *Gibbs*, read perhaps too mechanistically, could lead to the conclusion that dismissing the federal claims before trial means that, as a matter of course, the state claims should also be dismissed. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. However, as the Supreme Court has recently made clear, that conclusion should be taken merely as a statement about the weight of the competing presumptions and the probable outcome of the discretionary judicial calculus which determines the use of the court's discretion.

> In *Gibbs*, the Court stated that 'if the federal claims are dismissed before trial ... the state claims should be dismissed as well.' More recently, we have made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases. The statement simply recognizes that in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdicton—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) (citations omitted).

ing the state action (if such an action would not be time-barred). In the context of its discussion of statutes of limitations and a court's discretion to remand, the Supreme Court also alludes to "the State's interest in enforcing its law." *Id.* Since the pendent state claims in the matter before this court do involve a controversy about statutes of limitation as well as a point of Virginia law which is not entirely well-settled, this court believes that it is proper for the plaintiff's remaining claims to be remanded to the state court from whence it was removed.

### D.

Since plaintiff was not a participant in or a beneficiary under an ERISA-governed plan, this court finds that federal jurisdiction is absent. Furthermore, since, in the judgment of this court, the pendent state claims presented by plaintiff should be addressed in the appropriate state forum, this matter is remanded to the Fluvanna Circuit Court of the County of Fluvanna.

An appropriate Order shall this day issue.