Norman W. **SALLEE** and William F. Reed, Plaintiffs–Appellants,

v.

**REXNORD CORPORATION,**
Defendant–Appellee.

No. 92–1751.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 4, 1992.

Decided Feb. 11, 1993.

James H. Hanson, David A. Tucker (argued), Scopelitis, Garvin, Light & Hanson, Indianapolis, IN, for plaintiffs-appellants.

Gary J. Dankert, Marc W. Sciscoe (argued), Michael D. Marine, Ice, Miller, Donadio & Ryan, Indianapolis, IN, for defendant-appellee.

Before COFFEY and EASTERBROOK, Circuit Judges, and ENGEL, Senior Circuit Judge.[*]

ENGEL, Senior Circuit Judge.

Plaintiff-appellants Norman Sallee and William Reed appeal the district court's *sua sponte* dismissal of their ERISA action for want of standing. The only issue is whether employees who voluntarily elect to

---

[*] Honorable Albert J. Engel, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

leave their employment, thereby rendering themselves ineligible for severance pay, may nonetheless bring suit as "participants" in the severance pay benefits plan. For the following reasons, we conclude that they cannot, and we accordingly AFFIRM the district court's dismissal of their action.

## I

Sallee and Reed worked at the chain division of P.T. Components ("PTC"), located in Indianapolis. Between them they had worked for over 33 years for the company. In August of 1988, the company was purchased by defendant-appellee Rexnord Corporation. Rexnord simultaneously sold the chain division to Borg–Warner. Pursuant to the terms of the latter purchase agreement, Rexnord continued to operate the division while its operations were phased down gradually over a four-month period. The agreement contemplated the complete removal of equipment and inventory to a Borg–Warner facility in Ithaca by the end of the year.

Prior to the sales, PTC maintained a number of benefit plans, including a severance pay plan and a vacation policy plan.[1] The severance pay plan provided for the payment to workers who were laid off of sums determined as a function of the duration of the worker's employment. It provided that "[a]n Employee whose employment is terminated by the Company for reasons other than cause shall be a Participant hereunder, provided he remains in the Company's employ until the termination date specified in the termination notice furnished to him by the Company."

These plans were adopted by Rexnord. Consequently, as employees began to search for alternate employment in the face of impending lay-offs, Rexnord negotiated termination dates with many of the employees to render them eligible for severance payments. Sallee and Reed were successful in locating alternate employment, but when they approached Rexnord

about scheduling their termination dates, Rexnord refused. Thus rebuffed, Sallee and Reed decided to go ahead and quit so as to commence employment elsewhere.

Sallee and Reed filed suit in federal court seeking damages under ERISA, 29 U.S.C. § 1001 *et seq.* The district court raised *sua sponte* the question of whether the plaintiffs had standing as "participants" to bring suit under ERISA. After briefing on the issue, the court dismissed the action for lack of standing. Sallee and Reed now appeal that dismissal.

## II

The jurisdictional clause of ERISA provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The statute defines "participant" as

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). The issue here is whether Sallee and Reed qualify as "participants" for the purposes of this section.

■ We review *de novo* the district court's dismissal. *Ryan v. Chromalloy American Corp.*, 877 F.2d 598, 602 (7th Cir.1989). Resolution of this issue is largely controlled by the Supreme Court's ruling in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Bruch*, the Court stated,

> In our view, the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, cur-

---

**1.** Because appellants concede that the vacation plan was "actually part of" the severance plan, this court will view disposition of their claims

arising under the vacation plan as governed by our disposition of their claims arising under the severance plan.

rently covered employment," or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits. In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future. " ... A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.' "

*Id.* at 117–18, 109 S.Ct. at 958 (citations omitted). This Circuit recently visited this issue in *Kennedy v. Connecticut General Life Ins. Co.*, 924 F.2d 698 (7th Cir.1991), where we ruled that a health care provider had standing to sue an insurer under ERISA because, as an assignee of a participant, he had a colorable claim to vested benefits. *Id.* at 701.

■ Because Sallee and Reed do not allege that they have any expectation of returning to covered employment, the issue turns on whether they can make out a colorable claim to vested benefits. We conclude that they cannot. Both employees voluntarily elected to leave employment knowing that severance benefits did not vest unless they were terminated. Under such circumstances, there is no question but that the appellants could not prevail in a suit for benefits. Accordingly, they are without standing to bring an ERISA action.

Appellants make much of the fact that Rexnord appeared to take pains to accommodate the preferred termination dates of other employees so as to render them eligible for severance benefits, but that the company failed inexplicably to do so in their case. That may well be, but such a state of affairs does not help the appellants to avoid the basic jurisdictional obstacle that they face.

■ Appellants also argue that the severance plan's definition of eligibility should not govern this dispute, since the essence of their claim is that the company wrongfully prevented them from participating in the plan. "[B]ut for arbitrary and discriminatory treatment by Rexnord," they claim, they would have been participants. Accordingly, they argue, the dispute is governed by 29 U.S.C. § 1140, which prohibits discrimination "against a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled...." Because, appellants claim, the purpose of section 1140 is to grant standing to employees who have been deprived of participant status by the discriminatory actions of their employers, it would defy logic to require that they be participants in order to bring suit. In support of this argument they cite to *Saporito v. Combustion Engineering, Inc.*, 843 F.2d 666 (3d Cir.1988), *vacated*, 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989).

We find this argument unpersuasive for several reasons. First, we note that *Saporito* was vacated and remanded for reconsideration in light of *Bruch*, and we decline to accept appellants' invitation to interpret the Supreme Court's summary disposition as supporting their position in some manner. Second, section 1140 protects only plan participants and beneficiaries, statuses never achieved by appellants. Third, while section 1140 protects plan participants from discharge, suspension, and the like, it does not appear to protect them from continued employment. Finally, even if this court treated potential participants as "participants" for the purpose of section 1140, and even if we accepted the proposition that the statute somehow protected them from continued employment, appellants would still need to show that they had been discriminated against. This they have failed to do. The severance pay provision offers a carrot for departing at the employer's convenience, not at their own. It is a form of compensation for forgoing other employment opportunities. These plaintiffs wanted the severance pay even though they demanded to go at their own convenience. This is hardly discrimination:

they explicitly refused to do that which the Plan makes a condition of qualification.

We acknowledge that ERISA's standing requirements put this court in the rather unusual position of having to adjudicate the merits of the case at a fairly preliminary stage of the proceedings, and we are cognizant of this court's admonition in *Kennedy* that courts may decline to exercise jurisdiction "[o]nly if the language of the plan is so clear that any claim must be frivolous." *Kennedy*, 924 F.2d at 700. Nonetheless, we are convinced that, under the circumstances of this case, the requirements of *Kennedy* have been met, and appellants' claims may properly be dismissed.

AFFIRMED.