12 F.3d 204
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pearl B. ARTHUR; Basic D. Bostic; Jimmy H. Bradsher;
Doretha F. Gammon; Denny L. Hensley; Charles G. Llewellyn;
Mattie M. Meador; Margaret W. Moore; Dorothy L. Pierce;
Kenneth R. Pittman; Donald L. Porter; Jerry L. Pugh;
Richard C. Reynolds; Robert W. Rice; Floyd R. Robinson;
Irving L. Sanford, Jr.; Kendall L. White; Walter R.
Massey, Jr.; Jack F. Paschall; George A. Wills,
Plaintiffs-Appellants,
v.
BELL ATLANTIC CORPORATION; Chesapeake & Potomac Telephone
Company of Virginia; Charles W. Crist, Jr.,
Defendants-Appellees.
Equal Employment Advisory Council, Amicus Curiae.
 No. 93-1483.
 United States Court of Appeals,
Fourth Circuit.
 Argued: Oct. 27, 1993.
Decided: Dec. 3, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 Donald Bell Haller, for Appellee.
 Stephen R. Bruce, for Appellants.
 Robert E. Williams, Douglas S. McDowell, Thomas W. Reed, McGuiness & Williams, for Amicus Curiae.
 E.D.Va.
 Affirmed.
 Before WIDENER and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 A group of 20 former managerial employees of Chesapeake and Potomac Telephone Company of Virginia (Employees) brought this action alleging that C & P* breached fiduciary duties owed to them under the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. Secs. 1001 et seq. (West 1985 & Supp.1993) (ERISA), and was liable to them under the federal common law of ERISA. The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), holding that Employees had not stated a claim upon which relief could be granted. Because we conclude that Employees lack standing under ERISA to bring this action, we affirm.
 
 I.
 
 2
 In February 1991, C & P distributed documents constituting a summary plan description concerning a Force Management Plan (FMP) to approximately 37 managers, including Employees. The FMP, also referred to as the Separation Pay Plan, offered early retirement benefits to qualifying managers. The summary plan description of the FMP stated in pertinent part:
 
 
 3
 Q. Can a manager change his or her mind after the FMP application form has been accepted?
 
 
 4
 A. No. Managers will receive complete information about the Separation Pay Plan and pension calculations (if applicable) so that they can make informed decisions.
 
 
 5
 Effective April 1991, Employees accepted the offer of early retirement under the FMP. Four months later, C & P distributed information concerning an enhanced early retirement plan designated the Bell Atlantic Management Pension Plan (BAMPP). The thrust of Employees' complaint is that because C & P promised to provide them with complete information necessary to make an informed judgment concerning whether to accept the FMP, it should have disclosed its intent to offer the BAMPP.
 
 
 6
 The district court granted C & P's motion to dismiss. Relying on Stanton v. Gulf Oil Corp., 792 F.2d 432 (4th Cir.1986), the district court reasoned that because the BAMPP had not been adopted when Employees separated from employment they were not eligible to participate in that plan and, therefore, did not have standing to bring an ERISA action. Employees do not challenge on appeal the ruling of the district court that they lacked standing to seek benefits under the BAMPP. Rather, they maintain that they have standing under ERISA to enforce the provisions of the FMP, including the promise in the summary plan description that they would be provided with complete information.
 
 II.
 
 7
 The civil enforcement provisions of ERISA permit an action to be brought by the Secretary, a fiduciary, a participant, or a beneficiary. 29 U.S.C.A. Sec. 1132(a) (West 1985 & Supp.1993). Employees maintain that they have standing to bring this action as"participants" in the FMP. ERISA defines a "participant" to include"any employee or former employee of an employer, ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C.A. Sec. 1002(7) (West Supp.1993). A former employee is a "participant" entitled to bring suit under ERISA if the employee has "a reasonable expectation of returning to covered employment" or "a colorable claim to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989) (internal quotation marks omitted).
 
 
 8
 Employees maintain they qualify as former employees with a colorable claim for benefits. We disagree. Employees have no likelihood of prevailing in a suit for benefits because the plain language on which they base their claim does not constitute a promise to provide information about future benefit plans--it only promises complete information about the Separation Pay Plan, i.e., the FMP. Employees do not allege that C & P failed to provide accurate and complete information with respect to the FMP. Accordingly, they are not former employees with a colorable claim of entitlement to benefits and, therefore, do not have standing under 29 U.S.C.A.Sec. 1132(a) to maintain this action. See Shawley v. Bethlehem Steel Corp., 989 F.2d 652, 657 (3d Cir.1993); Sallee v. Rexnord Corp., 985 F.2d 927, 929-30 (7th Cir.1993). Thus, we conclude that the district court properly dismissed Employees' complaint based on their lack of standing.
 
 AFFIRMED
 
 
 *
 Employees brought suit against Chesapeake and Potomac Telephone Company of Virginia; its parent corporation and plan sponsor, Bell Atlantic Corporation; and the plan administrator, Charles W. Crist, Jr. For ease of reference, we refer to the defendants collectively as "C & P."