**James KOREN, M.D., Plaintiff,**

v.

**CIGNA SEVERANCE PAY PLAN, Defendant.**

**No. C.A. 2:05–659–DCN.**

United States District Court, D. South Carolina, Charleston Division.

May 24, 2006.

thorities." *Id.* at 150.

Allan R. Holmes, Charleston, SC, Jeffrey A. Barnwell, Charleston, SC, Michellee Bateman, Charleston, SC, for plaintiff.

Adrian M. Belton, Charleston, S.C., David B. McCormack, Charleston, S.C., Eric Smith, Atlanta, GA, J. Rene Joadvine, Atlanta, GA, for defendant.

## ORDER and OPINION

NORTON, District Judge.

### I. Background

Plaintiff is a former employee of CIGNA Corporation ("CIGNA"). This action stems from CIGNA Severance Pay Plan's ("defendant") denial of Dr. James Koren's ("plaintiff") claim for severance pay under the CIGNA Severance Pay Plan Summary Plan Description (the "Plan Document"). Plaintiff's claim was initially denied by Mr. Baker, Vice President of Human Resources at CIGNA, and was later denied on appeal by Marjorie Stein as Plan Administrator. In her denial letter, the Plan Administrator advised plaintiff of his right to bring a civil action for benefits under § 502(a) of the Employee Retirement Income Security Act ("ERISA"). Plaintiff filed this action on March 1, 2005. Defendant has moved to dismiss the action, claiming that this court lacks subject matter jurisdiction.

### II. Summary of the case

CIGNA has a severance pay plan which provides significant severance benefits to participants whose jobs are eliminated and who are not concurrently provided an alternative "suitable position" with CIGNA. The Plan Document contains three severance pay schedules, and each schedule applies to a different type of termination from employment. (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 4.) Schedule 1 provides benefits for "termination due to job elimination because of a reorganization, consolidation, department or office closing, or work-force reduction." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 4.) The Plan Document specifically states that a claimant will *not* be eligible for any severance pay under Schedule I if the claimant "resign[s], or [the claimant's] resignation is effective, before or during the notification period"[1] or if the claimant's "employment terminates for any reason other than job elimination." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 5.) In addition, the Plan Document states that a claimant will not be eligible for severance pay under Schedule I if the claimant "refuse[s] an offer for an open job in a suitable position with any CIGNA company or successor employer." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 5.)

Plaintiff was initially employed by CIGNA as a physician in 1994 and became a medical director in 1995. In July of 2000, plaintiff accepted a position with CIGNA on Daniel Island, South Carolina, where he established his family's permanent resi-

---

1. The Plan Document defines the "notification period" as: "The period ... beginning on the day after your notification date and ending on your termination of employment date." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 17.) The "notification date" is defined as: "The day you receive formal written notice that your job has been eliminated." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 17.) "Termination of employment date" is defined as: "The date when your employment with a CIGNA company officially ends (usually, your last day of work at CIGNA)." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 18.)

dence. In December of 2002, plaintiff was notified that his position at CIGNA was going to be eliminated. He was offered a position as Senior Medical Director in Raleigh, North Carolina. Plaintiff accepted this job and started working in Raleigh in March, 2003. While plaintiff maintained his Daniel Island home, he also rented an apartment in Raleigh. He spent weekends at his home in South Carolina and worked from there most Fridays and/or Mondays.

According to plaintiff, in October, 2003, he was advised that his job was being eliminated, and he was offered another position in Raleigh. When he inquired about his eligibility for severance benefits, plaintiff was told that he was not eligible because the Raleigh position was considered "suitable." Plaintiff alleges that he "reluctantly" accepted the new Raleigh position but eventually became unsatisfied with his new job. Plaintiff applied for and accepted another CIGNA position in Florida. Again, plaintiff kept his Daniel Island home. After several months of employment in Florida, plaintiff was able to obtain employment with Blue Cross Blue Shield of South Carolina. He voluntarily resigned from CIGNA, and his employment terminated on June 11, 2004.

Counsel for plaintiff wrote CIGNA on April 29, 2004, seeking severance benefits to compensate him for the Raleigh position elimination of October 10, 2003. Counsel addressed his letter to Deadrick Baker, Associate Vice President of Human Re-sources, CIGNA. While plaintiff's claim sought "wages" due under the South Carolina Payment of Wages Act, CIGNA viewed plaintiff's claim as one for severance benefits under Schedule I of the Plan Document, and it directed Mr. Baker to process the claim under the intra-plan procedures. Upon review, Mr. Baker determined that the alternative position offered to plaintiff in October, 2003 was "suitable" under the terms of the Plan Document, and he issued a denial letter dated May 21, 2004.

Plaintiff appealed Mr. Baker's decision to the Plan Administrator, who affirmed Mr. Baker's conclusion. Plaintiff brought this action to seek review of defendant's determination that he is ineligible for severance benefits under the Plan Document.

### III. Analysis

█ Defendant asserts that plaintiff does not have standing as a "participant" or "beneficiary," as those terms are defined by statute,[2] to bring this ERISA claim.[3] Defendant argues that because plaintiff lacks standing, this court does not have subject matter jurisdiction. *See Stanton v. Gulf Oil Corp.*, 792 F.2d 432, 434 (4th Cir.1986) ("The critical issue is whether [plaintiff] was a "participant" under [the employee benefit plan]. A civil action may be brought under ERISA only by a plan 'participant,' 'beneficiary,' 'fiduciary,' or the Secretary of Labor. This is both a *standing and a subject matter ju-*

---

**2.** ERISA defines "participant" as:
> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organizations, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). The statute defines "beneficiary" as "a person designated by a participant or by the terms of an employee benefit plan, who is or may become entitled to benefit thereunder." § 1002(8).

**3.** ERISA specifically provides that a civil action may be brought by a "participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of a plan." 29 U.S.C. § 1132(a)(1)(B).

*risdictional requirement.*")(emphasis added). Because this court agrees that plaintiff does not qualify as a "participant" for purposes of ERISA, this court lacks jurisdiction and plaintiff's claim must be dismissed.

### A. Plaintiff is not a "participant" under ERISA

 Plaintiff does not qualify as a "participant" because he is ineligible to receive benefits. 29 U.S.C. § 1002(7). "Participants" include "employees in, or reasonably expected to be in, currently covered employment, or former employees who 'have ... a reasonable expectation of returning to covered employment' or who have a 'colorable claim' to vested benefits." *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (internal citations omitted). To satisfy the eligibility requirement, "a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* at 117–18. Plaintiff agrees that to be a "participant" he must be "eligible" to receive benefits, but he reasons that by not addressing his eligibility under the Plan Document, the Plan Administrator waived that objection. According to plaintiff, the Plan Administrator should be estopped from challenging his eligibility. Absent this challenge, plaintiff argues that he has a strong likelihood of recovery—thus, a "colorable claim" that he will prevail in a suit for benefits—thereby qualifying him as a "participant."

 To have a chance of recovery in federal court, plaintiff must have standing as a "participant" to bring his claim. *See Miller v. Rite Aid Corp.,* 334 F.3d 335, 343 (3d Cir.2003) ("Standing is 'not [a] mere pleading requirement[,] but rather an indispensable part of the plaintiff's case, each element [of which] must be supported

in the same way as any other matter on which the plaintiff bears the burden of proof.") (alteration in original). Because standing is "jurisdictional and not subject to waiver," plaintiff must qualify as a "participant" under the terms of the Plan Document. The express terms of the Plan Document provide that employees will not be eligible for severance pay under Schedule I if they "resign ... or [their] resignation is effective, before or during the notification period." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 1 at 5.) In October, 2003, plaintiff was offered and accepted another job to replace his eliminated position. Approximately two weeks later, plaintiff applied for and accepted a higher paying job with CIGNA in Florida. He then resigned from CIGNA in order to take a job with Blue Cross Blue Shield of South Carolina. Because plaintiff *voluntarily resigned* from employment with CIGNA, he is not eligible for severance pay under the Plan Document. Plaintiff cannot qualify as a "participant" under ERISA if he is not eligible for severance pay under the Plan Document.

### B. Defendant may challenge subject matter jurisdiction at this point

Plaintiff argues that defendant should not be allowed to challenge his status as a "participant" at this point because it chose to decide the merits of his claim at the administrative level. Plaintiff suggests that this court follow the unpublished decision of *Thompson v. Life Ins. Co. of North America,* 30 Fed.Appx. 160 (4th Cir.2002). In *Thompson,* the Fourth Circuit stated that "[a] court may not consider a new reason for claim denial offered for the first time on judicial review," and it denied the defendant's motion for summary judgement that raised, for the first time, the employee benefit plan's "active service" provision as a basis for its denial of benefits. *Thompson,* 30 Fed.Appx. at 164.

However, *Thompson* concerned a motion for summary judgment, whereas the instant motion seeks to dismiss the case for lack of subject matter jurisdiction. Because Federal Rule of Civil Procedure 12(h)(3) allows the court to dismiss an action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter," defendant is not barred from bringing this challenge. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may *(or, more precisely, must) be raised sua sponte by the court.*" *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir.2004) (emphasis added). Because this issue may be raised sua sponte by this court at any time, defendant may also raise this issue at any time.

■ Plaintiff has the burden of proving that subject matter jurisdiction exists. For this court to have subject matter jurisdiction over his claim, plaintiff must qualify as a "participant." Plaintiff argues that he qualifies as a "participant" because defendant waived this issue at the administrative level. Additionally, he claims that defendant's jurisdictional argument is inconsistent with its admissions "that Plaintiff's cause of action arises under [ERISA]" and that "this court has subject matter jurisdiction over plaintiff's cause of action." (Def.'s Answer and Affirmative Defense, ¶¶ 3, 5.) Plaintiff's argument must fail, because "[s]ubject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood,* 369 F.3d at 390.

■ Plaintiff also argues that defendant is barred from presenting evidence that was not in the record before the Plan Administrator, including evidence "that the plaintiff accepted employment in Florida, was not terminated, did not sign a release, did not receive formal written notice of job elimination, etc." (Pl.'s Mem. Opp. Def.'s Mot. Dismiss 8.) Plaintiff's argument will not prevent this court's consideration of the evidence. While much of the evidence defendant refers to is in the record, courts may also consider evidence beyond the administrative record in determining whether subject matter jurisdiction is proper. *See Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir.1995).

■ Defendant points to correspondence contained in the record between plaintiff and various CIGNA employees discussing the Medical Director position offered to plaintiff in October, 2003, after his Raleigh position was eliminated. In an email dated October 13, 2003 responding to a CIGNA official's email describing the new position, plaintiff stated: "Thanks, this is agreeable to me. I would like to begin November 1, 2003." (Pl.'s Interrog. Answer, No. 1 & Ex. 1 thereto). Furthermore, while the district court's ultimate role is to limit its review to evidence contained in the evidentiary record, this general rule applies to the district court's review on the merits of an administrator's decision for error. "[A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter depends.... A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt,* 46 F.3d at 1003. In considering a factual attack on the existence of subject matter jurisdiction, "the court may freely consider the evidence to satisfy itself that jurisdiction is proper, because 'a court may not ... extend its jurisdiction where none exists.'" *Richland–Lexington Airport Dist. v. Atlas Properties, Inc.*, 854 F.Supp. 400, 407 (D.S.C.1994) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).

Plaintiff has not met his burden of proving that this court has subject matter jurisdiction. Because he does not qualify as a "participant" under ERISA, he does not have standing to bring this claim. This action must be dismissed for lack of subject matter jurisdiction. *See Stanton*, 792 F.2d at 434 (explaining that only a plan participant, beneficiary, fiduciary, or the Secretary of Labor may bring a civil action under ERISA; "this is both a standing and a subject matter jurisdictional requirement.").

### IV. Conclusion

For the reasons stated above, it is therefore, **ORDERED** that defendant's motion to dismiss be **GRANTED**.

**AND IT IS SO ORDERED.**